IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH J. TOMASSO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE BOEING COMPANY | : | NO. 03-4220 |

**MEMORANDUM ORDER**

AND NOW, this 9th day of February, 2007, upon consideration of the letters of submission by counsel as to whether plaintiff's claim for back pay under the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA") should be submitted to the jury, it is hereby

**ORDERED**

that the back pay claim shall be submitted to the jury. The ADEA states that "a person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this chapter, regardless of whether equitable relief is sought by any party in such action." 29 U.S.C. § 626(c)(2). Section 626(b) further provides that the "amounts owing," which a prevailing plaintiff may recover, include "unpaid minimum wages or unpaid overtime compensation." Thus, the amount of back pay in an ADEA case is to be found by a jury, but the court has discretion to grant additional relief as appropriate. See, e.g., Banks v. Travelers Cos., 180 F.3d 358, 364 (2d Cir. 1999) (instructing that since calculation of back pay runs from date of discharge to date of judgment, court should remedy the jury's award pro rata for any lag time between jury's verdict and entry of judgment); Dominic v. Consol. Edison Co., 822 F.2d 1249, 1257 (2d Cir. 1987) (contrasting jury's province in awarding legal relief of back pay with court's broad equitable discretion in awarding reinstatement or front pay). Because

reinstatement is an equitable remedy, it is for the court to decide whether reinstatement is feasible or instead to award front pay.  Maxfield v. Sinclair Int'l, 766 F.2d 788, 795-96 (3d Cir. 1985).  See also Deloach v. Delchamps, Inc., 897 F.2d 815, 823-24 (5th Cir. 1990) (same).  The amount of damages available as front pay is a jury question.  Maxfield, 766 F.2d at 796.

While back pay is an equitable remedy under some statutes, such as Title VII, back pay is a mandatory damages remedy under the ADEA.  Anastasio v. Schering Corp., 838 F.2d 701, 708 (3d. Cir. 1988) (emphasizing that back pay under the ADEA is a mandatory element of damages while front pay is discretionary); Maxfield, 766 F.2d at 794 (discussing ADEA's incorporation of Fair Labor Standards Act provision, 29 U.S.C. § 216(b), making back pay a mandatory element of damages).  Back pay includes not only lost wages, but all "amounts owing" to a wrongfully discharged employee from the time of discharge up to the time of trial.  Anderson v. Consolidated Rail Corp., 2000 WL 1622863, at *3-4 (E.D. Pa. 2000).  Thus, the recent case of Spencer v. Wal-Mart Stores, Inc., is not controlling in the case at bar because the remedial provisions of the Americans with Disability Act (ADA), 42 U.S.C. § 12101, et seq., are different than that of the ADEA.  469 F.3d 311, 317 (3d Cir. 2006) (finding that under the ADA, back pay is an equitable remedy for the court to decide).

                                              BY THE COURT:

                                              \s\ Thomas J. Rueter
                                              THOMAS J. RUETER
                                              UNITED STATES MAGISTRATE JUDGE

cc:    Norman Perlberger, Esquire
       M. Frances Ryan, Esquire
       (Via U.S. Mail)